**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SPLITFISH AG, ) <br> SPLITFISH GAMEWARE INC., and ) <br> NABON CORPORATION ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BANNCO CORPORATION, ) <br> BANNCO CORP. (SHENZHEN), ) <br> JU NING, and ) <br> JOHN DOES 1-XX ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:10-cv-297-TSE/JFA |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO STRIKE ANSWER AND REQUEST FOR ENTRY OF DEFAULT**

Plaintiffs SplitFish AG, SplitFish Gameware Inc., and Nabon Corporation (collectively, "SplitFish"), respectfully move this Court to strike Defendant Bannco Corporation's ("Defendant") Answer, and request that, pursuant to Fed. R. Civ. P. 55(a) and Judge Ellis's August 16, 2010 Order (Dkt. No. 64), the Court enter default against Defendant.

**I.    STATEMENT OF FACTS**

On July 14, 2010, SplitFish filed a First Amended Verified Complaint against Defendant, alleging claims for trademark infringement and unfair competition under the Lanham Act, trademark infringement and unfair competition under the laws of the Commonwealth of Virginia, and copyright infringement.[1] (Dkt. No. 46.)  Defendant answered the First Amended Verified Complaint on July 28, 2010 (hereinafter "Answer"). (Dkt. No. 53.)

---

[1] On March 26, 2010, SplitFish filed a Verified Complaint against Defendant, alleging claims for trademark infringement and unfair competition under the Lanham Act, trademark infringement and unfair competition under the laws of the Commonwealth of Virginia, and copyright

(continued…)

After filing the Answer and responding to SplitFish's motion for a preliminary injunction (which the Court granted on July 22, 2010), Defendant has ceased all participation in this case. At a hearing on August 6, 2010, former counsel for Defendant, Lee Berlik, advised the court that: (1) Defendant's ownership had recently changed; (2) Mr. Berlik had repeatedly contacted the new owner without response; (3) the only contact Mr. Berlik received from Defendant's new owner instructed him to cease all work in the case; and (4) Mr. Berlik was not being paid by Defendant.

On August 16, 2010, the Court granted Mr. Berlik's motion to withdraw. (Dkt. No. 64.) The Court further ordered that Defendant "must take steps to retain new counsel who must file a notice of appearance on behalf of Bannco Corp. by 5:00 p.m., Monday, September 13, 2010. *Failure of Bannco Corp. to retain qualified counsel who files a notice of appearance on behalf of Bannco Corp. in this matter by 5:00 p.m., Monday, September 13, 2010, will result in the entry of default against Bannco Corp.*" (Id.) (emphasis added).

Defendant has failed to comply with the Court's August 16, 2010 Order instructing it to retain qualified counsel and ensure that new counsel file a notice of appearance by September 13, 2010. Mr. Berlik, in fulfillment of the Order's instructions, transmitted copies of the August 16, 2010 Order to Defendant together with an explanation of the Order.[2] (Dkt. No. 65.) Therefore, Defendant has failed to comply with the Court's Order, of which it was aware and for which the consequences of non-compliance were expressly stated.

---

(…continued)
infringement under the Copyright Act of 1976. The Verified Complaint was properly served upon Defendant on April 1, 2010, as indicated by the Summons SplitFish filed with the Court. (Dkt. No. 7.)  Defendant filed an Answer on April 22, 2010. (Dkt. No. 8.)

[2] Previously, Mr. Berlik complied with the Court's instructions to notify Defendant of the consequences of failure to secure counsel, i.e. the possibility of default judgment. (Dkt. No. 60 at 2-3.)

In addition to its failure to comply with the August 16, 2010 Order, Defendant has not responded to SplitFish's discovery requests. The parties filed a Joint Proposed Discovery Plan on July 7, 2010 listing the parties' respective discovery deadlines. (Dkt. No. 40.) SplitFish served upon Defendant Plaintiffs' First Set of Requests for Production on July 7, 2010. (Leichter Decl., ¶ 1.) Defendant's responses to these discovery requests were due on August 9, 2010. However, Defendant did not meaningfully respond to these requests. Instead, on August 9, 2010, former counsel for Defendant, Lee E. Berlik, contacted SplitFish's counsel stating that Defendant had not supplied counsel with *any* documents in response to SplitFish's document requests. (Leichter Decl., ¶ 2.) Mr. Berlik only produced discoverable documents in his possession, consisting primarily of publically available resources such as United States Patent and Trademark Office website pages. (Leichter Decl., ¶ 3.)

SplitFish served Interrogatories on Defendant on July 28, 2010. (Leichter Decl., ¶ 4.) Defendant's deadlines to object and to respond to these interrogatories on August 16, 2010 and August 30, 2010 passed without any response from Defendant.[3] (Leichter Decl., ¶ 5.)

SplitFish served Defendant with a Notice to Take Deposition Pursuant to Rule 30(b)(6) on August 5, 2010, but Defendant failed to designate any of its officers or directors to testify on its behalf pursuant to SplitFish's Notice. (Leichter Decl., ¶ 7.)

To date, SplitFish has received no additional documents or responses in response to its discovery requests, nor was SplitFish provided with a corporate witness for deposition as requested. Defendant has effectively abandoned this litigation.

---

[3] SplitFish acknowledges that Defendant's former counsel, Lee E. Berlik's, Motion to Withdraw as counsel was granted on August 16, 2010. (Dkt. No. 64.) However, Defendant did not respond through substitute counsel to the pending discovery requests.

## II. ARGUMENT

### A. Defendant's Answer Should be Stricken

Defendant's failure to comply with the Court's August 16, 2010 Order, combined with its statements indicating a desire to abandon this litigation, suggest that Defendant has willfully declined to participate in this suit. Accordingly, Defendant's Answer to SplitFish's First Amended Complaint should be stricken.[4] *Eastern Freight Ways, Inc. v. Eastern Motor Freight, Inc.,* 2003 WL 21355486 (S.D.N.Y. June 11, 2003) (unpublished) (deeming defendant's answer stricken due to its failure to appear by new counsel according to court orders) (Exhibit A); *Days Inn Worldwide, Inc. v. JBC, Inc., II,* 2010 WL 625391, (D.S.C. Feb. 19, 2010) (striking corporate defendant's answer due to failure to retain counsel as instructed by the court) (Exhibit B).

The Federal Rules of Civil Procedure authorize a district court to sanction a party that fails to comply with a court order. Fed. R. Civ. P. 16(f). Among the sanctions available under Rule 16(f), the Court may apply sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii). As Defendant has failed to obey a court order, this Court may "strik[e] pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii). Courts have acknowledged that failure to comply with an unambiguous order to obtain substitute counsel is sanctionable conduct. *See Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 918-19 (3d Cir. 1992); *RLI Ins. Co. v. Shell Offshore, Inc.,* 2008 WL 504051 (E.D. La. Feb. 21, 2008) (unpublished) (Exhibit C); *Harrington v. All Am. Plazas, Inc.,* slip op., 2010 WL 2710573 (D.N.J. July 7, 2010), *adopted by* 2010 WL 2975764 (D.N.J. July 22, 2010) (Exhibit D).

---

[4] As the response to the Amended Complaint, i.e. the controlling pleading in this case, SplitFish believes that it is only necessary to strike Defendant's Answer to the Amended Complaint; however, to the extent the Court believes the originally filed Answer has any independent significance, SplitFish requests that it too be stricken for all the reasons stated herein.

To impose sanctions under Rule 37, a court must consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (en banc) (citation omitted).

Defendant's bad-faith noncompliance has continued for some time. As early as June 2010, and during the pendency of SplitFish's Motion for Preliminary Injunction, Defendant instructed its former counsel to cease work on this case, and thereafter refused to respond to counsel's subsequent correspondence. (Dkt. No. 29.) On July 30, 2010, Defendant's former counsel attempted to withdraw due to Defendant's refusal to communicate with him or acknowledge any of his correspondence. (Dk. No. 55 at 2.) Just as Defendant had consistently failed to respond to its former counsel, Defendant has failed to respond this Court's Order and to SpltiFish's discovery requests. Defendant is responsible for its consistent failures to engage in this litigation.[5] *Ramada Worldwide Inc. v. NPR Hospitality Inc.,* 2008 WL 163641, at *3 (D.N.J. Jan. 16, 2008) (unpublished) ("The Court finds that Defendants are responsible for their consistent failure to respond to their attorney, their adversary and to this Court.") (Exhibit E).

Defendant's refusal to participate in this litigation is prejudicial to SplitFish. Defendant's conduct has deprived SplitFish of any remedy unless this Court grants SplitFish's motion to strike and enter default against Defendant. *Harrington,* 2010 WL 2710573, at *3 (finding prejudicial plaintiff's inability to pursue contractual claims against defendant); *Eastern Freight,*

---

[5] In fact, Defendant's history of dilatory behavior is not limited to the time after its counsel withdrew. To wit, while still represented by counsel, Defendant failed to respond to SplitFish's discovery requests. These actions, together with Defendant's former counsel's account of Defendant's non-responsiveness, support the Court's finding of dilatoriness. *Hoxworth*, 980 F.2d at 921.

Case 1:10-cv-00297-TSE-JFA   Document 67   Filed 09/16/10   Page 6 of 9

2003 WL 21355486, at *2. Defendant has deprived SplitFish of information through "noncooperation with discovery," *Harrington,* 2010 WL 2710573, at *3, and Defendant's failure to retain counsel has ensured that SplitFish cannot receive discovery or otherwise prosecute this case without the entry of default. *Travelers Indemnity Co. v. Little Rascals Concrete Co.,* 2007 WL 2683641, at *3 (D.N.J. Sept. 7, 2007) (unpublished) ("Plaintiff is unable to engage in discovery or otherwise pursue its claims due to defendants' failure to actively participate in the litigation of this case. Simply stated, this case may not proceed solely because of defendants' conduct.") (Exhibit F). And it goes without saying that Defendant's actions of abandoning litigation and failing to comply with Court orders, especially when the litigation is clearly meritorious and Defendant was fully aware of the consequences of its non-comlpiance, should be deterred.[6]

    Finally, absent this Court's grant of SplitFish's Motion to Strike and Entry of Default against Defendant, SplitFish will be left without a remedy. Given Defendant's repeated failures to participate in this action, striking Defendant's Answer is the only effective sanction. *Ramada Worldwide,* 2008 WL 163641, at *4 ("For all of Defendants' failures to proceed with this action, the Court finds that striking Defendants' answer and counterclaim as the only effective sanction."). An alternative sanction by this Court would be unlikely to result in unprecedented responsiveness by Defendant. *Travelers,* 2007 WL 2683641, at *3.

---

[6] In fact, Defendant's location in China permits it to ignore these proceedings with impunity. To wit, on September 1, 2010, a mere 41 days after entry of the preliminary injunction, Defendant released driver and firmware code that it claims is "all new," despite the fact that it took over a year to develop the original Copyrighted Code and several months more to create the infringing code.

6

### B.    SplitFish Requests the Entry of Default

SplitFish, pursuant to Fed. R. Civ. P. 55(a) and Judge Ellis's August 16, 2010 Order (Dkt. No. 64), requests that the Court, either directly or by direction to the Clerk, enter default against Defendant, based on Defendant's default failure to secure and enter the appearance of new counsel by September 13, 2010, as required by Judge Ellis's August 16, 2010 Order.  Once default is entered, SplitFish will promptly move for default judgment on all counts of the Amended Complaint.

### III.    CONCLUSION

For the foregoing reasons, SplitFish requests that its Motion to Strike Defendant's Answer be granted and that this Court enter default against Defendant on all counts.

Dated: September 16, 2010                     Respectfully submitted,

/s/ Kenneth H. Leichter
B. Brett Heavner (VA Bar No. 34777)
Kenneth H. Leichter (VA Bar No. 73731)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Tel: 202-408-4000  Fax: 202-408-4400
kenneth.leichter@finnegan.com
b.brett.heavner@finnegan.com

Lawrence R. Robins (*pro hac vice*)
Rachel Emsley (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Tel: (617) 452-1600  Fax: (617) 452-1666
larry.robins@finnegan.com
rachel.emsley@finnegan.com

Attorneys for Plaintiffs
SplitFish AG,
SplitFish Gameware, Inc., and
Nabon Corporation

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 16, 2010, I electronically filed the foregoing and a true and correct copy of the foregoing was served by first class mail, postage prepaid, on the following registered agent for Defendant Bannco Corporation:

        Bannco Corporation
        2711 Centerville Road
        Suite 400
        Wilmington, Delaware  19808

        /s/ Kenneth H. Leichter

        Kenneth H. Leichter (VA Bar No. 73731)
        FINNEGAN, HENDERSON, FARABOW,
         GARRETT & DUNNER, L.L.P.
        901 New York Avenue, N.W.
        Washington, D.C.  20001-4413
        Tel: 202-408-4000  Fax: 202-408-4400
        kenneth.leichter@finnegan.com

        Attorneys for Plaintiffs
        SplitFish AG,
        SplitFish Gameware, Inc., and
        Nabon Corporation